IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH D. MERRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  05-4113-JPG |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's motion for default judgment as to Defendants William Ribbing, M.D., and Reimbursement Technologies, Inc., d/b/a Yates Emergency Physicians (Doc. 41). Plaintiff requests default judgment against these two defendants and a hearing to determine the proper amount of damages. For the following reasons, this motion will be **DENIED**.

The Clerk of the Court defaulted defendants Ribbing and Reimbursement on November 16 and 17, respectively, for failure to plead or otherwise defend in this case. Defendant Union County Hospital District filed a motion to dismiss this case on July 11, 2005. Defendants Michaelis Jackson, Michaelis Jackson & Associates, L.L.C., and the United States have all entered their answers to the complaint. Because these claims are still pending, any judgment entered by the Court against Defendants Ribbing and Reimbursement at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party. *See National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986). Rule 54(b) states:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.**
> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Comm. Corp. v. Wenruth Investments*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065.

However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1989). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)), *cert. denied*, 526 U.S. 1017 (1999).

A short review of the complaint is necessary to understand why entry of default judgment at this time would be inappropriate. According to the complaint, this action arose as a result of an injury suffered by the Plaintiff on March 22, 2003. Plaintiff allegedly received negligent care from Jean Charlot, M.D., an alleged agent of the United States, when he presented himself to Community Health and Emergency Services, Inc. Dr. Charlot's alleged negligence is the foundation of Plaintiff's claim against the United States. At some point later that day, Plaintiff went to the emergency room at Union County Hospital, owned by the Union County Hospital District ("UCHD"). Dr. Ribbing, an alleged agent of both Reimbursement and UCHD, allegedly provided negligent care to Plaintiff during his visit to the emergency room. Ribbing's alleged negligence is the foundation for Plaintiff's claim against UCHD.[1] The claims against Ribbing and UCHD are inextricably intertwined because the liability of UCHD necessarily depends on the liability of Ribbing. It is certainly possible that a jury could find for UCHD, thus, implicitly determining that Ribbing was not negligent. This possibility of inconsistency counsels against a judgment of default at this point. *See Frow*, 82 U.S. 552; *see also In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257 (7th Cir. 1980) (implying that *Frow* still applies when different results as to different parties

---

[1]. The Court now has under advisement a motion to dismiss on Plaintiff's claim against UCHD (Doc. 11).

would be logically inconsistent); *Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986). Because of this possibility of inconsistency the Court declines to enter default judgment against Ribbing and Reimbursement at this time. Plaintiff's motion for default judgment is **DENIED**.

**IT IS SO ORDERED.**

**Dated: December 1, 2005.**

                                                   __/s/ J. Phil Gilbert_____
                                                   **J. PHIL GILBERT**
                                                   **U.S. District Judge**