IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH D. MERRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  05-4113-JPG |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on defendant Union County Hospital District's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 11), to which Merritt has responded (Doc. 20) and Union County Hospital District ("UCHD") has replied (Doc. 22).  For the following reasons this motion will be **DENIED**.

Merritt filed this action against various defendants alleging medical negligence relating to the treatment of an injury he sustained to his eye on March 22, 2003.  Soon after he was injured, Merritt presented himself to the Community Health and Emergency Services, Inc., in Cairo, Illinois.  While at that facility Merritt was examined by Dr. Jean Charlot.  After the examination, Dr. Charlot apparently referred him to an opthamologist in Carbondale, Dr. Michaelis Jackson.  When he showed up at Dr. Jackson's office, it was already closed.  Being unfamiliar with the Carbondale area, Merritt started to make the trip back home instead of going to some other doctor or hospital in Carbondale. On his way home, Merritt stopped at the Union County Hospital ("UCH") in Anna, Illinois, where he allegedly received negligent care from a physician there, Dr. William Ribbing.  Merritt alleges that

Ribbing, an agent of UCH acting in the scope of that relationship, deviated from the applicable standard of care in one or more of the following ways:

　　a.　　That he failed to acquire a complete history, and did not acquire a history of the prior care received by the Plaintiff from Dr. Charlot and did not acquire the records or the contents of those records, or attempt to do so, from Dr. Charlot or from the patient; and/or

　　b.　　That he failed to recognize the significance of the history which he did acquire; and/or

　　c.　　That he failed to order appropriate diagnostic procedures including the failure to an [sic] order an x-ray or CT scan; and/or

　　d.　　That he made an improper diagnosis, and as a result thereof he provided negligent care, including negligent instructions;

(Complaint, 11 at ¶ 18).  In its motion to dismiss, the UCHD claims it has immunity from all the acts of negligence alleged against it under the Local Government and Governmental Employees Tort Immunity Act, 745 ILCS §§ 10/6-105 & 10/6-106.

## ANALYSIS

UCHD prays for dismissal of Count III under Federal Rule of Civil Procedure 12(b)(6) because of its alleged entitlement to immunity under the Tort Immunity Act.  The immunities provided under the Act operate as affirmative defenses.  *Michigan Ave. Nat. Bank v. County of Cook*, 732 N.E.2d 528, 535 (Ill. 2000).  UCHD's choice of a 12(b)(6) motion to address this issue is problematic because "[a]ffirmative defenses do not justify dismissal under Rule 12(b)(6) [inasmuch as] litigants need not try to plead around defenses."  *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)); *Deckard v. General Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002).  Put another way, the existence of an affirmative defense "does not undercut the adequacy of the claim."  *Deckard*, 307 F.3d at 560.  There is an exception to

this general rule, however, in cases where the existence of a defense is so obvious from the face of the complaint that the claim can be dismissed as frivolous. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Thus a personal-injury suit filed 100 years after the date of the injury as stated in the complaint would be frivolous, even though expiration of the time within which to sue is an affirmative defense."). With this framework in mind, the Court will address UCHD's specific arguments.

### A.      Immunity under 745 ILCS § 10/6-105

UCHD argues that it is immune from the allegations of negligence in paragraph 18(a) and (c) under 745 ILCS § 10/6-105. Section 10/6-105 provides that:

> Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others.

745 ILCS §10/6-105. UCHD claims the allegations in (a) and (c) clearly address Ribbing's failure to perform an examination or failure to perform an examination properly, and as such, that they fall directly within the protection of § 10/6-105. Merritt does not dispute UCHD's status as a "local public entity" as that term is defined in the Tort immunity Act. See 745 ILCS § 10/1-206. However, he argues that a liberal construction of the allegation in paragraph 18(a) discloses that it does not deal only with examination, but with treatment as well. Merritt concedes that UCHD is immune from liability predicated on the allegations in 18(c) (Doc. 21, at 3) ("With the exception of Paragraph 18(c), (applicable to defendants other than the Hospital District) Plaintiff's allegations do not fall within the general rule of section 6-105, but within the scope of 6-106(d)."). In urging the Court to construe all the allegations in paragraph 18 liberally, Merritt cites to the Illinois Code of Civil Procedure and cases

discussing the Code. Though the sentiment may be correct, this is federal court and federal procedural rules govern.

UCHD devotes little argument on the immunity issue regarding sections (a) and (c) of paragraph 18. Basically, UCHD's entire argument on this point is the following: "Obtaining a medical history, obtaining medical records, and ordering diagnostic tests are all connected with and part of the examination of a patient." It is beyond dispute that these three omissions would go to the adequacy of the examination conducted by Ribbing. What UCHD does not address however, is the next sentence in § 10/6-105, which continues, "for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others." 745 ILCS § 10/6-105. There is a key distinction between the failure to examine before a diagnosis is made and the failure to examine after a condition has been properly diagnosed. As one court has put it:

> "[O]nce diagnosis of a medical condition is made and treatment of the condition is prescribed and undertaken, any subsequent prescription or examination required to be made pursuant to that condition is part of the patient's treatment. Under section 6-106(d), in the course of administering the treatment prescribed *there is no immunity* if the subsequent prescription or examination was incorrectly made (a negligent or wrongful act) or if the prescription or examination was not made at all (an act of omission).

*American Nat'l. Bank and Trust Co. of Chicago v. Cook County*, 762 N.E.2d 654, 661-62 (Ill. App. Ct. 1st Dist. 2001) (emphasis added). The complaint only tells the reader what Ribbing allegedly did not do, it does not disclose what he did do. Thus, it not clear whether Ribbing made any diagnosis at all.[1] Perhaps when one is struck in the eye with a nail any doctor worth his salt can make a diagnosis

---

[1] In 18(d), Merritt alleges Ribbing made an improper diagnosis. This is not dispositive on the issue, however, because he is certainly entitled to plead in the alternative.

immediately, perhaps not.  If Ribbing did in fact make some diagnosis, then the failure to acquire his medical records and history could amount to an omission in the course of Merritt's treatment, an omission for which the Act would not immunize UCHD.  745 ILCS § 10/6-106(d).  The Court simply lacks the information to make this determination.  This is not an uncommon situation.  *See, e.g., Antonacci v. City of Chicago*, 779 N.E.2d 428, 435 (Ill. App. Ct. 1st Dist. 2002).

### B.     Immunity under 745 ILCS § 10/6-106

UCHD also claims the remaining allegations of negligence in paragraph 18(b) and (d) are barred by another provision of the Act, § 10/6-106.  That section provides:

> (a) Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction.
>
> (b) Neither a local public entity nor a public employee acting within the scope of his employment is liable for administering with due care the treatment prescribed for mental or physical illness or addiction.
>
> (c) Nothing in this section exonerates a public employee who has undertaken to prescribe for mental or physical illness or addiction from liability for injury proximately caused by his negligence or by his wrongful act in so prescribing or exonerates a local public entity whose employee, while acting in the scope of his employment, so causes such an injury.
>
> (d) Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in administering any treatment prescribed for mental or physical illness or addiction or exonerates a local public entity whose employee, while acting in the scope of his employment, so causes such an injury.

745 ILCS § 10/6-106.  UCHD's argument regarding 18(b) fails for the same reason as its argument regarding 18(a).  At this stage in the proceedings the Court simply does not have enough information.  If Ribbing correctly diagnosed Merritt's condition, then UCHD would not necessarily be immunized

from Ribbing's failure "to recognize the significance of the [medical] history which he did acquire." However, if Merritt's injury resulted from Ribbing's failure to diagnose him, then UCHD would have immunity. In its reply to Merritt's response, UCHD emphasizes that Merritt never alleged injury resulting from the failure to treat or the improper treatment of a diagnosed condition. UCHD also points to 18(d) where Merritt alleged that Ribbing made an improper diagnosis. These arguments are not dispositive of the immunity claim. Just as Merritt is entitled to plead in the alternative, he need not plead around affirmative defenses.

The parties have addressed Count III in a piecemeal fashion, dealing with each of the four allegations in paragraph 18 separately. If Merritt's case against UCHD is premised on Ribbing's failure to make a correct diagnosis of Merritt's condition – as alleged in 18(d) – UCHD is entitled to immunity. 745 ILCS § 10/6-106(a); *Antonacci*, 779 N.E.2d at 434-35 (citing *Michigan Ave. Nat'l Bank*, 732 N.E.2d at 539); *see also Mabry v. County of Cook*, 733 N.E.2d 737, 748 (Ill. App. Ct. 1st Dist. 2000) (finding that qualifying entities are immune under 6-106(a) from liability premised on the failure to properly diagnose a physical condition); *Carr v. Cook County Hosp.*, 751 N.E.2d 119, 122 (Ill. App. Ct. 1st Dist. 2001) (same). Merritt has not necessarily pleaded himself into that corner. Because there is insufficient information in the record to make an immunity determination regarding the allegations in 18(a) and (b) UCHD's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**Dated: December 21, 2005.**

/s/ J. Phil Gilbert
J. PHIL GILBERT
U.S. District Judge